

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00086-CR
_____

KETHAN ANDERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2018-416,399, Honorable William R. Eichman II, Presiding

August 2, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Kethan Anderson, appeals from his conviction for murder,[1] a felony of the first degree.[2] In October 2021, appellant entered an open plea of guilty to murder.[3] After administering the requisite admonishments, the trial court accepted appellant's plea.

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b)(1).

[2] *See* TEX. PENAL CODE ANN. § 12.32 (setting forth penalty for first-degree felonies).

[3] As part of his plea, appellant signed several plea papers, including a waiver of constitutional rights, agreement to stipulate, and judicial confession.

Following a hearing held in March 2022, the trial court sentenced him to serve fifty years of confinement. Appellant's court-appointed appellate counsel filed a motion to withdraw supported by an *Anders*[4] brief. We grant counsel's motion to withdraw and affirm the judgment of the trial court as modified herein.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of appellant's conviction. *Anders*, 386 U.S. 738, 744–45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel explained why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel also demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408. By letter, this Court granted appellant an opportunity to exercise his right to file a response to counsel's brief. No response has been filed to date.

We too have independently examined the record to determine whether there are any non-frivolous issues supporting reversal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991 (en banc)). None were found.

Nevertheless, the judgment appears to contain an error. Though appellant entered an open plea, the decree alludes to the existence of a plea bargain. That is, the phrase

---

[4] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

"FIFTY (50) YEARS / INSTITUTIONAL DIVISION, TDCJ" appears under the section labeled "Terms of Plea Bargain (if any): or ☐ Terms of Plea Bargain are attached and incorporated herein by this reference."  To reiterate, the State and appellant did not strike a plea bargain.  And, because we have the authority to amend the judgment to speak the truth and reflect the record, we do so here by redacting from the decree the passage "FIFTY (50) YEARS / INSTITUTIONAL DIVISION, TDCJ" located within the section labeled "Terms of Plea Bargain (if any)."

 After thoroughly reviewing the record and counsel's brief, we (1) agree that there is no plausible basis for reversal of appellant's conviction, (2) affirm the trial court's judgment as modified, and (3) grant counsel's motion to withdraw.


Brian Quinn
Chief Justice


Do not publish.